UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNION RIDGE RANCH, LLC and INLAND COMPANY,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, *et seq.*, by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Union Ridge Ranch, LLC ("URR") and Inland Company ("Inland"), alleges as follows:

## **STATEMENT OF THE CASE**

1.  This is an action by Plaintiff BITCO General for a declaration that BITCO General has no duty to indemnify Defendant Inland under certain liability insurance

COMPLAINT FOR DECLARATORY
JUDGMENT - 1 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

1 policies that BITCO General issued to Inland in connection with a settlement in an underlying lawsuit filed by URR against Inland because the settled damages did not arise from covered "property damage," and because one or more policy exclusions eliminate any potential insurance coverage.

## JURISDICTION AND VENUE

2. BITCO General is an Iowa corporation with its principal place of business in Iowa.

3. Defendant Inland is a Washington corporation with its principal place of business in Clark County, Washington. BITCO General is willing to dismiss Inland from this matter if Inland stipulates to be bound by the ruling of this Court.

4. Defendant URR is dissolved Washington Limited Liability Company. The sole member of URR was Joel Stalder, a resident of Clark County, Washington.

5. This matter is brought pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different States.

6. Venue lies in this forum pursuant to 28 U.S.C. §1391(a)(2) because the claims herein alleged are substantially related to litigation occurring in Clark County, Washington.

7. Venue is proper in the Tacoma Division because the claims herein alleged are substantially related to litigation occurring in Clark County, Washington.

## THE BITCO GENERAL INSURANCE POLICIES

COMPLAINT FOR DECLARATORY
JUDGMENT - 2 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

8. BITCO General issued a primary Commercial General Liability insurance policy under policy no. CLP 3 665 273 B to Inland effective for the policy period beginning February 26, 2018 to February 26, 2019 (the "CGL Policy"). BITCO General also issued an Umbrella insurance policy under policy no. CUP 2 814 615 B to Inland effective for the same policy period (the "Umbrella Policy") (collectively, the "BITCO General Policies"). True and correct copies of the BITCO General Policies are attached hereto as **Exhibit A**.

## THE UNDERLYING LAWSUIT

9. On or about April 1, 2019, Inland filed a breach of contract and foreclosure action against URR over URR's alleged failure to pay contract sums allegedly due to Inland for work performed by Inland at the Union Ridge Ranch development project (the "Project") in Vancouver, WA (the "Underlying Lawsuit").

10. URR filed a Counterclaim against Inland, alleging that in July 2018, URR retained Inland to perform construction work on the Project. A copy of Union Ridge's Answer Affirmative Defenses and Counterclaim is attached hereto as **Exhibit B**.

11. URR alleged in its Counterclaim that on November 5, 2018, a geotechnical engineering consultant performed geotechnical testing of Inland's work at the Project. Ex. B at ¶ 94.

12. URR alleged that the geotechnical report "identified numerous defects and deficiencies with Plaintiff's work, including but not limited to, the retaining walls were not built correctly and in accordance with the approved design plans, there was a substantial risk of future wall failures and displacements." Ex. B at ¶ 94.

COMPLAINT FOR DECLARATORY JUDGMENT - 3 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

13. It is alleged in the Counterclaim that in May and June 2019, Inland "attempted to rebuilt and repair the retaining walls at the Project," but that in later June 2019, geotechnical testing by a potential purchaser of the Project "confirmed that the retaining walls are still not constructed correctly, and will fail in the future."

14. The Counterclaim contains two counts, one for Breach of Contract and one for Negligence, both of which seek the same following relief: approximately $1,690,000 in lost profit from the sale of the Project, $317,085.16 in interest, late fees and attorney's fees URR must pay to its lenders, and attorney's fees and costs in the Underlying Lawsuit.

15. BITCO General defended Inland against the Counterclaim at BITCO General's sole expense subject to a complete reservation of rights.

16. During the pendency of the Underlying Lawsuit, BITCO General repeatedly reminded Inland that there appeared to be no indemnity coverage under the CGL Policy or the Umbrella Policy for any of the damages being sought by URR. Attached hereto as **Group Exhibit C** are true and correct copies of BITCO General reservation of rights letters sent to Inland.

17. BITCO General also repeatedly reminded Inland that in order for BITCO General to have any duty to indemnify Inland, Inland bore the sole responsibility of establishing that the URR's claimed damages *actually*—not just potentially—come within policy coverage.

18. Inland never provided BITCO General with any information to show that the claimed damages were actually covered by the BITCO General Policies.

COMPLAINT FOR DECLARATORY
JUDGMENT - 4 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98401
(253) 620-6500 - FACSIMILE (253) 620-6565

19. On information and belief, Inland and URR recently entered a settlement without the consent of BITCO General in the amount of $2,360,000 for URR's claimed damages and $300,000 for URR's attorney's fees incurred in the Underlying Lawsuit (the "Underlying Settlement").

20. On information and belief, as part of the Underlying Settlement, URR has agreed not to execute the settlement amount against Inland, but has accepted an assignment of Inland's rights (if any) against BITCO General.

## COUNT I – DECLARATORY RELIEF –
## THE UNDERLYING LAWSUIT DOES ALLEGE "PROPERTY DAMAGE"

21. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 20 of this Complaint.

22. The BITCO General CGL Policy contains the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

COMPLAINT FOR DECLARATORY JUDGMENT - 5 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

\* \* \*

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

See Ex. A at BITCO 000050.

23.    The BITCO General Umbrella Policy contains the following insuring agreement:

**1.**    **INSURING AGREEMENT**

    a.    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" caused by an "occurrence" which takes place during the policy and in the "coverage territory."  No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for in SECTION II - DEFENSE AND SUPPLEMENTARY PAYMENTS - COVERAGES A and B.

See Ex. A at BITCO 000315.

24.    Both the CGL Policy and the Umbrella Policy define "property damage" as follows:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

COMPLAINT FOR DECLARATORY JUDGMENT - 6 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98401
(253) 620-6500 - FACSIMILE (253) 620-6565

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

See Ex. A at BITCO 000064 and BITCO 000337.

25. None of the sums sought by URR as damages in the Underlying Lawsuit or the Underlying Settlement were expended to repair, replace or in any way ameliorate any physical injury to tangible property at the Project.

26. At no time did URR involuntarily lose the ability to keep, sell, give away or otherwise use the Project.

27. None of the sums sought by URR as damages in the Underlying Lawsuit or the Underlying Settlement were for "property damage" as that term is defined in the BITCO General Policies.

28. The Underlying Lawsuit and Underlying Settlement do not fall within the coverage afforded by the BITCO General CGL or Umbrella Policies because the "property damage" requirement of those policies is not and cannot be satisfied.

## COUNT II – DECLARATORY RELIEF – THE UNDERLYING LAWSUIT DOES ALLEGE AN "OCCURRENCE"

29. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 28 of this Complaint.

30. BITCO General CGL Policy and Umbrella Policy define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. A at BITCO 000064 and 000336.

COMPLAINT FOR DECLARATORY JUDGMENT - 7 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

31. All of the sums sought by URR as damages in the Underlying Lawsuit or the Underlying Settlement resulted from Inland's allegedly faulty workmanship.

32. None of the sums sought by URR as damages in the Underlying Lawsuit or the Underlying Settlement arose from physical injury to any part of the Project other than Inland's own work.

33. The Underlying Lawsuit and Underlying Settlement do not fall within the coverage afforded by the BITCO General CGL or Umbrella Policies because the "occurrence" requirement of those policies is not and cannot be satisfied.

## COUNT III – DECLARATORY RELIEF – IN THE ALTERNATIVE – THE "IMPAIRED PROPERTY" EXCLUSION BARS COVERAGE FOR INLAND

34. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 33 of this Complaint.

35. The BITCO General CGL and Umbrella Policies contain exclusions for "Impaired Property," which states that the insurance does not apply to "property damage" to:

> "[I]mpaired property" or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

COMPLAINT FOR DECLARATORY
JUDGMENT - 8 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98401
(253) 620-6500 - FACSIMILE (253) 620-6565

> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

Ex. A at BITCO 000054 and BITCO 000318.

36. The BITCO General Policies contain the following definition of "Impaired Property":

> "Impaired Property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
>
> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> b. You have failed to fulfill the terms of the contract or agreement;
>
> If such property can be restored to use by:
>
> a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>
> b. Your fulfilling the terms of the contract or agreement.

Ex. A at BITCO 000062 and BITCO 000334.

COMPLAINT FOR DECLARATORY JUDGMENT - 9 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

37. In the alternative, all of the damages sought in the Underlying Lawsuit or paid as part of the Underlying Settlement arise from alleged defects, deficiencies, or inadequacies in Inland's work and/or Inland's delay or failure to perform its contract with URR in accordance with its terms.

38. The Underlying Lawsuit and Underlying Settlement fall within the Impaired Property exclusion in the BITCO General CGL or Umbrella Policies, and no exceptions to the exclusion apply.

WHEREFORE, Plaintiff BITCO General Insurance Corporation, respectfully requests that this Court enter a judgment:

    (a) declaring that BITCO General has no obligation to indemnify Inland Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit or the Underlying Settlement;

    (b) awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

    (c) awarding all other and further relief as this Court deems just and proper.

### COUNT IV – DECLARATORY RELIEF – IN THE ALTERNATIVE – VARIOUS POLICY PROVISIONS

39. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through __ of this Complaint.

40. In the alternative, the BITCO General CGL and Umbrella Policies do not apply to provide insurance coverage to Inland for the Underlying Lawsuit or Underlying Settlement for one or more of the following reasons:

COMPLAINT FOR DECLARATORY JUDGMENT - 10 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

(a) The BITCO General Policies exclude any coverage for "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement (Ex. A at BITCO 000051 and BITCO 000316);

(b) The BITCO General Policies exclude any coverage for "property damage" to that particular part of real property on which Inland is performing operations, if the "property damage" arises out of those operations (Ex. A at BITCO 000054 and BITCO 000318);

(c) The BITCO General Policies exclude any coverage for "property damage" to that particular part of any property that must be restored, repaired or replaced because Inland's work was incorrectly performed on it (Ex. A at BITCO 000054 and BITCO 000318);

(d) The BITCO General Policies exclude coverage for "property damage" to Inland's work or arising out of Inland's work (Ex. A at BITCO 000054 and BITCO 000318)[1];

(e) the Underlying Settlement includes attorney's fees which are not covered by the BITCO General Policy; and

(f) Inland's claim for coverage is barred, in whole or in part, by the other terms, conditions, exclusions, definitions, declarations,

---

[1] This exclusion in the BITCO General CGL Policy (Exclusion l.) is subject to an amendatory endorsement that steps down the limit of coverage for property damage to or arising from Inland's work to $50,000.

COMPLAINT FOR DECLARATORY JUDGMENT - 11 of 13

CASE NO. _____

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98401
(253) 620-6500 - FACSIMILE (253) 620-6565

endorsements, and/or limitations contained in the BITCO General Policies.

WHEREFORE, in the alternative, Plaintiff BITCO General Insurance Corporation, respectfully requests that this Court enter a judgment:

(a) declaring that BITCO General has no obligation to indemnify Inland Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit or the Underlying Settlement;

(b) awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

DATED this 25th day of August, 2022.

/s/ Maggie Diefenbach
Maggie Diefenbach, WSBA No. 31176
1201 Pacific Avenue, Suite 2100
Tacoma, Washington  98402
Phone: 206-676-7539
Fax: 206676-7575
Email: mdiefenbach@gth-law.com

/s/ John A. Husmann
John A. Husmann, IL Bar No. 6273992
*Pro Hac Vice* application to be filed
BatesCarey LLP
191 N. Wacker Drive
Suite 2400
Chicago, IL  60606

COMPLAINT FOR DECLARATORY
JUDGMENT - 12 of 13

CASE NO. _____

1  
2 Telephone: (312) 762-3100  
Facsimile: (312) 762-3200  
Email: jhusmann@batescarey.com

3 **ATTORNEYS FOR PLAINTIFF**

4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23 COMPLAINT FOR DECLARATORY JUDGMENT - 13 of 13  
24 CASE NO. _____