UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION,<br><br>Plaintiff,<br>v.<br><br>UNION RIDGE RANCH, LLC and INLAND COMPANY,<br><br>Defendant. | CASE NO. C22-05624 BHS<br><br>ORDER |

THIS MATTER is before the Court on the parties' status report, which includes a request for permission to take an interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. 46. The Court's prior Order, Dkt. 44, granted plaintiff BITCO's motion for partial summary judgment on its declaratory action claim, establishing that its insurance policies did not provide coverage for defendant Union Ridge Ranch LLC's underlying breach of contract and negligence claims against BITCO's insured, defendant Inland Company. *See* Dkt. 35. It denied Inland's partial summary judgment motion on the same issue. Dkt. 24. Neither motion addressed Inland's breach of contract, breach of the duty of good faith and fair dealing, and extracontractual "bad faith" counterclaims, Dkt. 6.

ORDER - 1

The parties' status report includes Inland's concession that "the remaining claims in this case can only move forward if Inland's breach of contract claim is able to move forward." Dkt. 46 at 1. Inland asks the Court to permit it to appeal the Court's "no coverage" determination even though that Order is not a final judgment. BITCO does not oppose the request. The parties agree that the coverage determination resolves a controlling question of law in this matter. Dkt. 46 at 2.

Certification of a non-appealable order under 28 U.S.C. §1292(b) is appropriate only when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for a difference of opinion; *and* (3) an immediate appeal from the order could materially advance the ultimate termination of the litigation. *See*, 28 U. S. C. § 1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). Such certification "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Exceptional cases are those in which allowing interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026. The Court is not persuaded that this is such a case.

First, while the parties clearly have a difference of opinion about whether BITCO's policies cover Union Ridge Ranch's counterclaims against Inland in the underlying case, the coverage issues were not novel or complex, and neither the Court's coverage determination nor the presence of bad faith counterclaims here make this an

exceptional case. The only unusual[1] aspect of the case is that BITCO filed its Declaratory Judgment action after it had defended Inland under a reservation of rights, and after Inland and Union Ridge Ranch settled the underlying action. The coverage question thus involved the duty to indemnify, rather than the broader duty to defend.

Second, the Court reads the status report as a concession on Inland's part that it cannot prevail on its contractual and extracontractual counterclaims against BITCO unless and until it prevails on its claim that BITCO's policies covered Union Ridge's counterclaims against Inland in the underlying, settled action. The Court's Order rejected that claim, and Inland seeks to reverse that decision on appeal. It asks the Court to stay its counterclaims while it attempts to do so. But if these claims are not viable absent coverage, it makes more sense to dismiss them now, and permit Inland to appeal that dismissal at the same time. This would result in one appeal, as a matter of right, and would do more to advance the ultimate termination of the litigation than would an interlocutory appeal and a stay of this litigation.

Inland (and/or its assignee, Union Ridge Ranch) is therefore **ORDERED** to **SHOW CAUSE** why its contractual and extracontractual counterclaims against BITCO should not be dismissed with prejudice as the necessary follow-on to the Court's determination that the BITCO policies did not cover Union Ridge Ranch's counterclaims against Inland in the underlying action. It should do so in a brief of no more than 15

---

[1] There is also an apparently unresolved question about whether the settlement (which involved Inland's confession of judgment, a covenant not to execute, and an assignment of Inland's rights against BITCO to Union Ridge Ranch) was reasonable. It appears from the ongoing motions practice that the assignment is not yet effective.

pages, filed within 21 days. BITCO may file a 15 page response within 14 days of the initial filing, and Inland may file an 8 page reply within 10 days of that response.

**IT IS SO ORDERED**.

Dated this 6th day of September, 2024.

BENJAMIN H. SETTLE
United States District Judge